**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
ORRIN LYNN TOLLIVER JR. p/k/a        :
DAVID PAYTON,
              Plaintiff,    :
                                No. 05 Civ. 10840 (JFK)
    -against-              :

JAMES LOUIS MCCANTS, an individual   :    **Memorandum Opinion**
doing business as JIMI MAC MUSIC                **& Order**
and OG MUSIC; CHERRY RIVER MUSIC     :
COMPANY; WILL I AM MUSIC, INC.;
WILL ADAMS; and UMG RECORDINGS,      :
INC.,
              Defendants.   :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

Defendant James Louis McCants moves for reconsideration of the Court's Opinion and Order, dated March 25, 2009, granting plaintiff's motion for summary judgment and denying defendant's cross-motion (the "Opinion"). See Tolliver v. McCants, No. 05 Civ. 10840, 2009 WL 804114 (S.D.N.Y. Mar. 25, 2009). Familiarity with that decision is presumed. For the reasons below, the motion is granted in part and denied in part.

The concluding paragraph of the Opinion directed the parties to appear "for a conference on the issue of damages." Opinion at 33. However, plaintiff only was entitled to partial summary judgment on liability because he moved to strike just one of the nine affirmative defenses that defendant pleaded in his answer—the statute of limitations defense. See, e.g., Stillman v. Travelers Ins. Co., 88 F.3d 911, 913-14 (11th Cir.

1996) (recognizing that a district court may not enter summary judgment against a non-movant defendant on its affirmative defenses if those defenses were not challenged in the plaintiff's motion); Books-A-Million, Inc. v. H & N Enters., Inc., 140 F. Supp. 2d 846, 851 (S.D. Ohio 2001). Accordingly, defendant's reconsideration motion, insofar as it seeks to re-instate the remaining eight defenses in the answer, is granted.[1]

Defendant's other challenge to the Opinion concerns a claim that he did not plead in his answer as an affirmative defense, but raised for the first time in his summary judgment motion: that he co-owned the Composition by virtue of a lost written assignment supposedly granted over twenty-five years ago. The Opinion found that defendant had offered "no evidence of a written assignment" and concluded that, "[v]iewing the record in a light most favorable to defendant, no reasonable juror could find that he received a written assignment of the right to license the Composition." Opinion at 21.

---

[1] Plaintiff complains that these defenses are meritless or frivolous and that some of them were implicitly rejected in the Opinion. These arguments will have to be considered in another summary judgment motion. In responding to the motion, defendant is reminded of his obligations under Rule 11 and of the cost- and fee-shifting provisions of 17 U.S.C. § 505.

Defendant requests reconsideration of this ruling.[2] Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court. Patterson v. United States, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) (citing McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983)).  "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790).  The moving party must be able to "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (quotation marks omitted).  Local Rule 6.3 is strictly applied because its purpose is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"

---

[2] In his opening brief, in an attempt to avoid the standards applicable to motions for reconsideration, defendant argued that the Opinion "did not address" his assignment claim. (McCants Mem. of Law in Supp. of Motion for Reconsideration at 9.)  In his reply memorandum, however, he acknowledges that the Opinion expressly considered the claim and rejected it as a matter of law. (McCants Reply Mem. at 6.)

3

S.E.C. v. Ashbury Capital Partners, L.P., No. 00 Civ. 7898 (RCC), 2001 WL 604044, *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).

In his summary judgment motion, as support for his claim of a lost written assignment, defendant relied exclusively on an excerpt from plaintiff's deposition testimony. (See McCants Mem. of Law in Supp. of Summ. J. ("McCants Mem.") at 5, 19-21; McCants Rule 56.1 Statement ¶ 5.) In that excerpt, plaintiff testified about an administration and co-publishing agreement pursuant to which "[t]he whole I Need a Freak project was 50/50 . . . . 50 to me and 50 to James McCants." (Tolliver Dep. Tr. at 243-44, 247, 249-50.) Later on, however, plaintiff clarified that this agreement did not assign defendant the right to license or exploit the Composition, but merely granted him a passive income interest. (Id. at 263-64.) Plaintiff supported this assertion with undisputed expert testimony about music industry custom with respect to publishing agreements. (See Berger Decl. §§ 60-66.) Therefore, defendant could not rely on plaintiff's testimony to create a genuine issue of fact about the existence of a written assignment. See Opinion at 21.

Defendant himself offered no testimony or evidence of a written assignment. The only assignment he testified about was an oral one. (McCants Dep. Tr. at 170-74.). Appropriately,

4

his motion papers did not cite his own deposition testimony as support for his claim of a written assignment. (See McCants Mem. at 5, 19-21; McCants Rule 56.1 Statement ¶ 5.)

The Opinion also found that defendant had admitted that the only written agreement he had with plaintiff was a recording contract that related to artist's royalties. Opinion at 5, 20.  In his motion for reconsideration, defendant argues that this finding was clearly erroneous because it overlooked his testimony that "we had a written contract on Sexual Harassment" and that he "would never have released a record without a contract on anybody." (McCants Dep. Tr. at 155-56.) In truth, the Court understood these statements to refer to the recording contract, the only written agreement defendant was able to describe. (Id. at 153-54, 173-74.)  But even assuming that this "contract on Sexual Harassment" was meant to refer to a separate written agreement, defendant did not testify that it contained an assignment of the Composition.  Nor did defendant's motion papers cite to these statements as evidence of an assignment.  Furthermore, these vague statements are insufficient to create a genuine issue of fact about the existence of a written agreement. See Archie Comic Publc'ns, Inc. v. DeCarlo, 258 F. Supp. 2d 315, 329 (S.D.N.Y. 2003) (stating that a written contract cannot be proven "where the alleged contract has not been produced, [the proponent's]

5

testimony regarding the alleged contract is inconclusive, [and] essential terms of the alleged contract are in doubt . . . '" (quoting Sims v. Blanchris, Inc., 648 F. Supp. 480, 485 (S.D.N.Y. 1986) (Pollack, J.))).[3]

The same is true for defendant's "new" evidence. He submits an October 22, 1985 letter from Christopher R. Whent, a colleague of defendant's late attorney, to plaintiff's then-attorney. The 1985 letter references an October 12, 1982 agreement between plaintiff and defendant's recording studio. The letter discusses circumstances under which defendant was required to pay plaintiff royalties pursuant to the 1982 agreement, but does not suggest that the 1982 agreement assigned defendant an ownership interest in the Composition. Therefore, the letter is irrelevant to this issue.

Furthermore, "when newly discovered evidence is the basis for reconsideration, the proponent must demonstrate that [such] evidence was neither in his possession nor available upon the exercise of reasonable diligence at the time the

---

[3] The Nimmers treatise suggests that clear and convincing evidence should be required to prove a lost assignment, as a way to ameliorate the risk that a party might make "unsubstantiated claims that [he] had obtained (but subsequently 'lost') the requisite instrument" in order to circumvent the Copyright Act's requirement that all transfers be in writing and signed by the owner. Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 10.03[A][5], at 10-47 to 10-48 (2005). This case illustrates the wisdom of that suggestion. In any event, because defendant has presented no evidence of a written assignment, the Court need not determine whether a heightened burden applies.

6

interlocutory decision was rendered." In re Rezulin Prods. Liab. Litig., 224 F.R.D. 346, 350 (S.D.N.Y. 2004). Defendant does not explain why this letter was not reasonably available until now, even though his summary judgment papers included other correspondence from Mr. Whent. (See Zarin Decl. in Supp. of Def.'s Motion for Summ. J. Ex. N.) It is also interesting that defendant never presented testimony from Mr. Whent about the 1982 agreement, despite his apparent familiarity with it.

In his reply brief, defendant submits three articles from music industry publications to rebut the testimony of plaintiff's expert about the custom with respect to publishing agreements. These articles were published well before the summary judgment motion, and defendant does not argue that they were unavailable. More importantly, the articles would be inadmissible at trial as hearsay and therefore cannot be relied upon to withstand summary judgment. Furthermore, the Court will not consider this new argument raised for the first time in a reply brief. Playboy Enters., Inc. v. Dumas, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997) ("Arguments made for the first time in a reply brief need not be considered by a court.").

In sum, defendant has pointed to nothing that undermines the Opinion's conclusion that no genuine issue of fact exists in regard to his claim of a lost written assignment.

7

Accordingly, his motion for reconsideration is denied in this respect.

Plaintiff may file a summary judgment motion on the eight remaining defenses by June 12, 2009. Defendant's opposition is due on July 3, 2009, and plaintiff's reply is due on July 10, 2009.

SO ORDERED.

Dated:   New York, New York
         May 26, 2009

_____
JOHN F. KEENAN
United States District Judge