UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORRIN LYNN TOLLIVER, JR. p/k/a
DAVID PAYTON,

               Plaintiff,

            vs.                     **Civil Action No.** 05-10840 (JFK)

JAMES LOUIS MCCANTS, an individual doing
business as JIMI MAC MUSIC and
OG MUSIC; CHERRY RIVER MUSIC
COMPANY; WILL I AM MUSIC, INC;
WILL ADAMS; and UMG RECORDINGS,
INC.,

               Defendants.

# PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Court's Instruction No. [  ]

## PRELIMINARY INSTRUCTION

You have now been sworn as the jury to try this case and we will begin the trial of the case you heard about during the jury selection.

Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action, the plaintiff is an individual named Orrin Lynn Tolliver.

The party being sued is called the defendant. In this action, the defendant is an individual named James Louis McCants.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

Given _____
Given as modified _____
Refused _____
Withdrawn _____

1

Court's Instruction No. ___

## ORDER OF THE TRIAL

Soon, the lawyers for each of the parties will make what is called an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiff, Mr. Tolliver, will present evidence in support of his claim and the defendant's lawyer may cross-examine the witnesses.

At the conclusion of the plaintiff's case, the defendant may introduce evidence and the plaintiff's lawyer may cross-examine the witnesses.

The defendant, Mr. McCants is not required to introduce any evidence or to call any witnesses.

If the defendant does introduce evidence, the plaintiff may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

2

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

*Authorities:*

Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. §§ 101.01; 101.02 (5th ed. 2010)

Federal Civil Jury Instructions of the Seventh Circuit, Instruction Appendix: Sample Preliminary Instructions.

Third Circuit Model Jury Instructions: Civil, Instruction Nos. 1.1, 1.2, and 1.4.

Fifth Circuit Pattern Jury Instructions (Civil Cases), Instruction Nos. 1.1, 2.7

Eighth Circuit Civil Jury Instruction 1.01.

Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instructions 1.1A to 1.1C

Given _____
Given as modified _____
Refused _____
Withdrawn _____

503613776

Court's Instruction No. 

**OBJECTIONS**

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible. You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason.

When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received in to evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

Given _____
Given as modified _____
Refused _____
Withdrawn _____

4

Court's Instruction No. 

## CONSIDER ONLY THE EVIDENCE

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source.

Given _____
Given as modified _____
Refused _____
Withdrawn _____

503613776

Court's Instruction No. ___

## CONSIDERATION OF THE EVIDENCE

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. For example, if a witness states that he looked outside a window and saw that it was raining, his testimony would be direct evidence. If, on the other hand, the witness does not have a window, but testifies that he heard thunder, saw people coming inside with umbrellas and raincoats, and then went outside and saw that the streets were wet, his testimony about the weather would be circumstantial.

The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial. And thus, in my example, it would be just as reasonable for you to conclude that it was raining outside from the second witness as from the first witness.

Given _____

Given as modified _____

Refused _____

Withdrawn _____

503613776

Court's Instruction No. _____

**CLAIMS AND DEFENSES – SUMMARY OF THE CASE**

To help you follow the evidence, I will give you a brief summary of the background and the positions of the parties.

This case comes to you in a unique position. This was a case about copyright infringement, but now it is only a case about damages.

What we generally call a "copyright" is actually a bundle of rights which are enjoyed by the owner of the copyright. In this case, which is about music. The copyright owner of a piece of music has the exclusive right to determine how and when that music is used. For example, you may sometimes hear a song you know in a movie, or a television show or a commercial. The owner of the copyright to the song must give permission his or her permission before that song gets used in the commercial, movie or television show. That permission is usually called a license.

This case is about a song called "I Need A Freak" which was written and publicly released in 1983. It was a rap song that had some success. At the time that it was released, the Plaintiff, Mr. Tolliver, was registered with a performance rights organization as the writer of that song. Mr. Tolliver filed and received a copyright registration for that song. On the copyright registration he was listed as the sole writer and sole owner of the copyright to the song "I Need A Freak."

The song "I Need A Freak" did not generate much interest of much income over the years. However, in 2005, a musical group known as the Black Eyed Peas decided that they wanted to use the song. The Black Eyed Peas created a new song called "My Humps." The new song, "My Humps" contained what is known as a digital sample of "I Need a Freak." Basically, this means that the new song by the Black Eyed Peas took a portion of the original song that was owned by Mr. Tolliver.

Because the Black Eyed Peas knew that their song "My Humps" was based on "I Need A Freak," they knew that they needed a license. In other words, because they were using the copyright to "I Need A Freak," they needed a license from its owner.

The defendant, Mr. McCants claimed that he owned the copyright to "I Need A Freak," and so he is the one that issued that license.

The Black Eyed Peas song became a Number One hit.

Shortly after the Black Eyed Peas song was released, Mr. Tolliver brought this lawsuit for copyright infringement. He claimed that as the sole owner of the copyright, only he could issued a license to the Black Eyed Peas.

7

Mr. McCants raised a variety of defenses. Mr. McCants first denied issuing the license. After the license with Mr. McCants signature surface, he changed his position and claimed that he wrote the song, not Mr. Tolliver, and that he should really be the owner of the copyright. Mr. McCants later conceded that he did not write the song, but he then claimed that the song that was licensed to the Black Eyed Peas was a different song, not "I Need A Freak." Finally, Mr. McCants acknowledged that he did not write the song and that he did issue a license for "I Need A Freak," but he said that in the 1980's, he and Mr. Tolliver had an oral agreement which transferred ownership of the copyright of "I Need A Freak" to Mr. McCants.

Mr. Tolliver denied each of Mr. McCants' allegations.

The copyright law requires that for there to be a transfer of ownership, there must be a signed contract. As such, I ruled that even if Mr. McCants's version of the fact was true, he did not have a legal right of copyright ownership. Therefore, I ruled that the plaintiff, Mr. Tolliver was the rightful owner of the copyright to the song "I Need A Freak."

Because Mr. McCants admitted that he issued the license to the Black Eyed Peas, I ruled that Mr. McCants engaged in copyright infringement.

All that is left to decide is whether Mr. Tolliver is entitled to an award of damages, and if so, how much.

Given _____
Given as modified _____
Refused _____
Withdrawn _____

8

Court's Instruction No. ___

## COPYRIGHT DAMAGES - GENERALLY

The plaintiff, Mr. Tolliver, has the burden of proving damages by a preponderance of the evidence.

Plaintiff may recover for any actual losses he suffered because of the infringement, plus any profits that Defendant made from the infringement. I will define these terms in the following instructions.

*Authorities:*

17 U.S.C. §§ 504(a) and (b); *Davis v. The Gap, Inc.*, 246 F.3d 152, 161, 167 (2d Cir. 2001); *Sid & Marty Krofft Television Products, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1174 (9th Cir. 1977); and *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 569 (7th Cir. 2003).

Given _____
Given as modified _____
Refused _____
Withdrawn _____

9

Court's Instruction No. 

## COPYRIGHT DAMAGES – ACTUAL DAMAGES

The Plaintiff, Mr. Tolliver, may recover for any actual losses he suffered because of the infringement. This includes the profits that the plaintiff, Mr. Tolliver, proves he would have made without the infringement.

In this case, the profits are the revenue Mr. Tolliver would have made if he or his agents had issued the license to the Black Eyed Peas.

*Authorities:*

17 U.S.C. § 504(a); *Davis v. The Gap, Inc.*, 246 F.3d 152, 161, 167 (2d Cir. 2001); *Sid & Marty Krofft Television Products, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1174 (9th Cir. 1977); and *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 569 (7th Cir. 2003).


Given _____
Given as modified _____
Refused _____
Withdrawn _____

503613776

Court's Instruction No. ___

## COPYRIGHT DAMAGES – DEFENDANT'S PROFITS

In addition to recovering for his actual losses, Plaintiff is entitled to recover the profits that Defendant made because of the infringement. Defendant's profits are recoverable, however, only to the extent that you have not taken them into account in determining Plaintiff's actual losses.

Plaintiff need only prove Defendant's revenues. Defendant must prove his own expenses and any portion of his profits that resulted from factors other than infringement.

### *Authorities:*

17 U.S.C. § 504(b); *Standard. See, e.g., Hamil America Inc. v. GFI,* 193 F.3d 92, 108 n. 7 (2d Cir. 1999).

Given _____
Given as modified _____
Refused _____
Withdrawn _____

503613776

Court's Instruction No. ___

**BURDEN OF PROOF**

In this case, the plaintiff, Mr. Tolliver, must prove damages by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.


Given _____
Given as modified _____
Refused _____
Withdrawn _____

503613776

Court's Instruction No. ___

## STIPULATIONS OF FACT

The parties have agreed, or stipulated, to the following facts. This means that both sides agree that this is a fact. You must therefore treat this fact as having been proved:

1. The musical composition "My Humps," which was recorded by the Black Eyed Peas, is administered by a company called Cherry River Music Company.

2. Cherry River Music Company has issued a variety of licenses for the song "My Humps."

3. The licenses issued by Cherry River Music Company should result in income to the owner of the composition "I Need A Freak," as well.

4. In this case, it was the defendant, Mr. McCants who received income from Cherry River Music Company.

5. Cherry River Music Company has provided copies of the licenses that it has issued. Those licenses will be presented to you as evidence. Cherry River Music Company has signed an affidavit of authenticity, meaning that it admits that it entered into those licenses.

6. Exhibit ____ is a list of the different licenses entered into by Cherry River Music Company.

7. Cherry River Music Company received a total of _____ for those licenses.

Given _____
Given as modified _____
Refused _____
Withdrawn _____

13

Court's Instruction No. 

**FIRST RECESS**

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal to give to me.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

Given _____
Given as modified _____
Refused _____
Withdrawn _____

503613776

Court's Instruction No. 

**EXPERT WITNESSES**

When knowledge of a particular subject matter may be helpful to the jury, a person who has special training or experience in that field is permitted to state his opinion on those technical matters. This is called an expert witness. Here, the Plaintiff is calling Mr. Jay Berger as an expert witness in the issue of music licenses and the calculation of royalties. You are not required to accept Mr. Berger's opinion. As with any other witness, it is up to you to decide whether to rely upon Mr. Berger's testimony and opinions.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Given _____
Given as modified _____
Refused _____
Withdrawn _____

503613776

Court's Instruction No. ⬚

**DEMONSTRATIVE EVIDENCE**

Plaintiff's Exhibit _____ is an illustration. It is the Plaintiff's calculations of royalties based on the various agreements and licensed reports. It is Plaintiff's attempt to describe Mr. Berger's calculations. If your recollection of the evidence differs from the exhibit, rely on your recollection.


Given _____
Given as modified _____
Refused _____
Withdrawn _____

503613776

Court's Instruction No. ___

**BURDEN OF PROOF**

In this case, the plaintiff, Mr. Tolliver, must prove damages by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Given _____
Given as modified _____
Refused _____
Withdrawn _____

503613776

Court's Instruction No. ____

## DUTY TO DELIBERATE

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Given _____
Given as modified _____
Refused _____
Withdrawn _____

503613776

Court's Instruction No. ▢

## GENERAL INSTRUCTIONS FOR JURY CHARGE

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.] [You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Your answers and your verdict must be unanimous.

You must determine the issue of damages, if any, based upon a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

[The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness. Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.]

19

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

As I explained at the beginning of the trial, there are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

As you have heard, the only issue in this case is any damages that the plaintiff, Mr. Tolliver, might be entitled to. I will now read to you the instructions that I previously gave to you on these issues.

In this case, if you find that the plaintiff has proven actual damages, and that those damages are greater than the defendant's profits, you should not also award the defendant's profits.

When you retire to the jury room to deliberate on your verdict, you may take [this charge with you as well as] exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form regarding what damages, if any, Mr. Tolliver is entitled to. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

You may now retire to the jury room to conduct your deliberations.

Given _____
Given as modified _____
Refused _____
Withdrawn _____

503613776

Respectfully submitted,

**Dated:** June 9, 2011
New York, New York

**BAKER HOSTETLER, LLP**

By: _____

Oren J. Warshavsky
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4624
Facsimile: (212) 589-4201
e-mail: owarshavsky@bakerlaw.com

*Attorneys for Plaintiffs*